STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

LESLIE E. OSBORNE, JR.,
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff,
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 7 2000

at ___ o'clock and ___ min ___ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  00-00482 HG |
| | ) | |
| Plaintiff, | ) | FIRST SUPERSEDING INDICTMENT |
| | ) | [18 U.S.C. §§ 152(1), |
| | ) |  1956(h), 1957, 371 & 2] |
| v. | ) | |
| | ) | |
| MARLENE IWALANI LINDSEY, (01) | ) | |
| LOKELANI LINDSEY,          (02) | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST SUPERSEDING INDICTMENT**

**COUNT 1**

The Grand Jury charges:

From on or about January 20, 1995, and continuing thereafter, until on or about January 29, 1997, in the District of Hawaii, the Defendants MARLENE IWALANI LINDSEY and LOKELANI LINDSEY, knowingly and willfully conspired and agreed together and with each other, and with other persons known to the Grand

Jury, to commit an offense against the United States, bankruptcy fraud, in violation of Title 18, United States Code, Section 152(1), that is:

    (a)   To hide the interest of MARLENE IWALANI LINDSEY consisting of 100 shares in Atlantic Pacific International Services, Inc., from the trustee charged with control of the debtor's property, the creditors, and the United States Trustee in a case brought under Title 11, styled <u>In Re Marlene Iwalani Lindsey</u>, Bankruptcy Court Case No. 95-00080, and

    (b)   To hide the $100,000 payment received by MARLENE IWALANI LINDSEY for her 100 shares of Atlantic Pacific International Services, Inc., stock from the trustee charged with control of the debtor's property, the creditors, and the United States Trustee in a case brought under Title 11, styled <u>In Re Marlene Iwalani Lindsey</u>, Bankruptcy Court Case No. 95-00080.

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

    1.   It was a part of the conspiracy that the Defendants, MARLENE IWALANI LINDSEY and LOKELANI LINDSEY, would by deceit, trickery and dishonest means defraud the trustee charged with the control of the debtor's property in Bankruptcy Court Case No. 95-00080, the creditors and the United States Trustee from learning of the Defendant MARLENE IWALANI LINDSEY's interest in Atlantic Pacific International Services, Inc.

2. It was further a part of the conspiracy that the Defendants would hide the proceeds realized from the sale of the Defendant MARLENE IWALANI LINDSEY's interest in Atlantic Pacific Services International, Inc., on December 27, 1995, that is $100,000, from the trustee charged with control of the debtor's property, the creditors, and the United States Trustee.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Hawaii.

(a) On or about January 20, 1995, the Defendant MARLENE IWALANI LINDSEY filed a matter in bankruptcy in the District of Hawaii that was styled <u>In Re Marlene Iwalani Lindsey</u>, Bankruptcy Court Case No. 95-00080, which was a case brought under Title 11, the U.S. Bankruptcy Code.

(b) On or about February 6, 1995, the Defendant MARLENE IWALANI LINDSEY, filed a Statement of Financial Affairs in bankruptcy matter No. 95-00080, in which she failed to mention her interest in Atlantic Pacific International Services, Inc.

(c) On or about February 28, 1995, the Defendant MARLENE IWALANI LINDSEY, attended a meeting of creditors in bankruptcy matter No. 95-00080, in which she failed to disclose

3

her interest in Atlantic Pacific International Services, Inc., and/or any compensation she was receiving from that corporation.

(d) On or about December 15, 1995, the Defendants MARLENE IWALANI LINDSEY and LOKELANI LINDSEY, attended a meeting with J. B., during which the sale of the interest of both LOKELANI LINDSEY and MARLENE IWALANI LINDSEY, in Atlantic Pacific International Services, Inc., was discussed as well as the fact that the sale of MARLENE IWALANI LINDSEY's interest in Atlantic Pacific International Services, Inc., would constitute bankruptcy fraud.

(e) On December 15, 1995, the Defendants MARLENE IWALANI LINDSEY and LOKELANI LINDSEY, were present when MARLENE IWALANI LINDSEY suggested that she would transfer her interest in Atlantic Pacific International Services, Inc., to "Sissie" for the purpose of avoiding any adverse repercussions from her failure to have noted her interest in Atlantic Pacific International Services, Inc., in the bankruptcy proceeding #95-00080, and allow her to obtain the proceeds of the sale of that stock without alerting the trustee in bankruptcy.

(f) On or about December 27, 1995, the Defendant MARLENE IWALANI LINDSEY, endorsed a 100 share certificate in Atlantic Pacific International Services, Inc., over to her co-Defendant LOKELANI LINDSEY.

4

(g) On or about December 27, 1995, the Defendant LOKELANI LINDSEY signed a transfer of the 100 shares of Atlantic Pacific International Services, Inc., that she had received from MARLENE IWALANI LINDSEY to J. B.

(h) On or about December 27, 1995, the Defendant LOKELANI LINDSEY, backdated the transfer of 100 shares of stock in the Atlantic Pacific International Services, Inc. to J. B. that was signed on December 27, 1995, as if to had occurred on December 27, 1994.

(i) On or about December 27, 1995, J. B. caused an intra bank transfer of $100,000 to be made to M. K.'s account at Bank of Hawaii, Account No. 6047-065108, for the purpose of paying Defendant MARLENE IWALANI LINDSEY for her 100 shares of stock in the Atlantic Pacific International Services, Inc.

All in violation of Title 18, United States Code, Section ~~731~~. 371 [initials]

### COUNT 2

The Grand Jury further charges:

From on or about December 15, 1995, to on or about February 16, 1996, in the District of Hawaii, the Defendants MARLENE IWALANI LINDSEY and LOKELANI LINDSEY, did knowingly and willfully conspire and agree together and with each other, to engage in monetary transactions in criminally derived property that is of a value greater than $10,000 and is derived from

specified unlawful activity, bankruptcy fraud, Title 18, United States Code, Section 152, in violation of Title 18, United States Code, Section 1957.

## MANNER AND MEANS OF CONSPIRACY

(1) It was part of the conspiracy to engage in at least two separate monetary transactions in monies that were criminally derived from bankruptcy fraud in an amount in excess of $10,000.

(2) It was further part of the conspiracy that the Defendants MARLENE IWALANI LINDSEY and LOKELANI LINDSEY, would by deceit, trickery and dishonest means, hide the proceeds of the sale of assets belonging to the Defendant MARLENE IWALANI LINDSEY, which had not been reported to the trustee, in a bankruptcy proceeding brought under Title 11 of the Bankruptcy Code in the District of Hawaii, namely Bankruptcy Court Case No. 95-00080, In Re Marlene Iwalani Lindsey, from the trustee, the creditors, and the United States Trustee.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Hawaii and elsewhere:

(a) On or about December 27, 1995, $100,000 was transferred to Account No. 6047-065108 for the Defendant MARLENE IWALANI LINDSEY's benefit as her payment for her interest in

Atlantic Pacific International Services, Inc., which transaction was made through a financial institution affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.

(b) On or about February 13, 1996, $35,000 was withdrawn from Bank of Hawaii Account No. 6047-065108, in the form of a cashier's check, payable to LOKELANI LINDSEY, which transaction was made through a financial institution affecting interstate or foreign commerce in criminally derived property of a value greater than $10,000.

All in violation of Title 18, United States Code, Section 1956(h) and 1957.

## COUNT 3

The grand jury further charges:

On or about December 27, 1995, in the District of Hawaii, the Defendant, MARLENE IWALANI LINDSEY, did knowingly and fraudulently conceal property belonging to the estate, in and in relation to a case under Title 11, In Re Marlene Iwalani Lindsey, Bankruptcy Court Case No. 95-00080, specifically payment for her interest in Atlantic Pacific International Services, Inc., and UPAC International, Inc., in the amount of $100,000 from the trustee charged with control of the debtor's property, the creditors, and the United States Trustee. The Defendant LOKELANI LINDSEY aided and abetted the Defendant MARLENE IWALANI LINDSEY

in the concealment of the proceeds of the sale of Atlantic Pacific International Services, Inc.

All in violation of Title 18, United States Code, Sections 152(1) and 2.

### COUNT 4

The grand jury further charges that:

On or about December 27, 1995, in the District of Hawaii, the Defendants, MARLENE IWALANI LINDSEY and LOKELANI LINDSEY, did knowingly engage and attempt to engage in a monetary transaction, by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is causing an intra bank transfer at the Bank of Hawaii of $100,000 into Account No. 6047-065108 for the Defendant's benefit, as payment for her interest in Atlantic-Pacific International Services, Inc., and UPAC International, Inc. such property having been derived from a specified unlawful activity, that is bankruptcy fraud, (Title 18, United States Code, Section 152(1)).

In violation of Title 18, United States Code, Section 1957(a).

8

## COUNT 5

The grand jury further charges that:

On or about February 13, 1996, in the District of Hawaii, the Defendants, MARLENE IWALANI LINDSEY and LOKELANI LINDSEY, did knowingly engage and attempt to engage in a monetary transaction by, through and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is causing the purchase of a cashier's check, payable to LOKELANI LINDSEY, in the amount of $35,000 withdrawn from Bank of Hawaii account No. 6047-065108, such property having been derived from a specified unlawful

//
//
//
//
//
//
//
//
//
//
//
//
//

activity, that is bankruptcy fraud, (Title 18, United States Code, Section 152(1).

All in violation of Title 18, United States Code, Section 1957(a) and 2.

DATED: Dec 27, 2000, Honolulu, Hawaii.

A TRUE BILL

/s/

FOREPERSON, Grand Jury

STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

United States v. Marlene & Lokelani Lindsey,
CR. No. 00-00482 HG
First Superseding Indictment

10